UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL S.,<br><br>            Plaintiff,<br><br>   v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No. C21-5559-SKV<br><br>MINUTE ORDER |

The following Minute Order is made at the direction of the Court, the Hon. S. Kate Vaughan, United States Magistrate Judge:

At the upcoming oral argument on June 1, 2022, counsel should come prepared to discuss the following questions:

Questions for Plaintiff

1. Does Plaintiff dispute that dually entitled beneficiaries are not eligible for a *Parisi* adjustment, under POMS GN 023603.050? In other words: Even if Plaintiff is correct that Plaintiff's mother's entitlement to benefits on Plaintiff's father's record was merely theoretical or technical, does Plaintiff's

MINUTE ORDER - 1

status as dually entitled preclude an increase in his benefit amount by operation of the POMS?

2. Plaintiff emphasizes that if his mother had not applied for spousal benefits or if he had not applied for DIB, his payment would be higher. Dkt. 28 at 4. Does this pertain to whether the overpayment was assessed correctly, or whether the overpayment should have been waived?

3. Plaintiff contends that the ALJ should have looked to his current financial position when considering whether he had sufficient income to cover his expenses. Dkt. 28 at 5. What evidence is in the record regarding Plaintiff's current financial position? Should the ALJ look to Plaintiff's financial position during the period he was overpaid, the period when the overpayments were recovered, or the period of the ALJ decision, or some other time period, for purposes of determining whether recovery of an overpayment would defeat the purposes of the Act?

4. It is undisputed that the overpayment was not Plaintiff's fault and was instead based on erroneous calculations by the agency. What facts indicate that recovering the overpayment would be against equity and good conscience, distinct from the agency's fault in creating the overpayment?
Plaintiff's opening brief on this issue emphasizes his lack of fault in causing the overpayment (Dkt. 23 at 15-16), but how does this connect to whether recovering the overpayment would be against equity and good conscience?

Questions for the Commissioner

5. What is the legal significance, if any, of the agency's March 2020 waiver of a $8,049 overpayment? Does this notice purport to waive part of the 2009-13 overpayment, or is it referring to a different overpayment? Why does this waiver not undermine the ALJ's decision denying waiver?

6. If the Court agrees with the Commissioner that Plaintiff was not eligible for an increase because he is dually entitled, does it matter whether Plaintiff's mother's entitlement to spousal benefits was merely theoretical or technical? Did the ALJ make any finding regarding whether Plaintiff's mother was theoretically or technically entitled to spousal benefits?

7. The Commissioner's response cites POMS SM 00820.300 (Dkt. 27 at 3) as defining technically entitled beneficiaries, but there is no "SM" section of the POMS available on the public website. Where can the Court find the definition of technical entitlement?

8. If Plaintiff's mother was entitled to spousal benefits, but not being paid them, in what way is her entitlement to those benefits more than theoretical/technical?

9. Why are dually entitled beneficiaries excluded from a *Parisi* increase, as a policy matter?

10. Should the ALJ look to Plaintiff's financial position during the period he was overpaid, the period when the overpayments were recovered, or the period of the ALJ decision, or some other time period, for purposes of determining whether recovery of an overpayment would defeat the purposes of the Act?

MINUTE ORDER - 3

11. The Ninth Circuit has held that the definition of the "against equity or good conscience" in 20 C.F.R. § 404.509(a) is unduly narrow and that this term should be interpreted to account for the totality of the circumstances and broad concepts of fairness. *Quinlivan v. Sullivan*, 916 F.2d 524 (9th Cir. 1990). The agency subsequently issued an acquiescence ruling regarding *Quinlivan*. AR 92-5(9), *available at* https://www.ssa.gov/OP_Home/rulings/ar/09/AR92-05-ar-09.html. The Commissioner's response does not discuss either *Quinlivan* or AR 92-5(9). Did the ALJ here comply with *Quinlivan*?

Dated this 25th day of May, 2022.

Ravi Subramanian
Clerk of Court

By: Stefanie Prather
Deputy Clerk

MINUTE ORDER - 4